IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GENICE SCHILZ,

                                                                                       OPINION AND ORDER

                          Plaintiff,

                                                                                           13-cv-801-bbc

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Genice Schilz is seeking review of a final decision by defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying her claim for supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). The administrative law judge who decided the case concluded that plaintiff suffered from the severe impairments of knee impairment status post right knee debridement, fibromyalgia and obesity but retained the residual functional capacity to perform limited sedentary work as a semiconductor assembler, telemarketer and order clerk. Plaintiff contends that the administrative law judge failed to incorporate all of her limitations in the residual functional capacity assessment, made an erroneous credibility assessment and did not give proper weight to the medical opinions of record. Because I find that plaintiff has waived her arguments by not properly developing them and that the administrative law judge has provided good reasons for his conclusions

1

that are supported by substantial evidence, I am denying plaintiff's motion for summary judgment and affirming the administrative law judge's decision.

OPINION

A. Residual Functional Capacity

Plaintiff generally contends that the administrative law judge failed to credit all of her limitations and made a residual functional capacity assessment that was inconsistent with the medical evidence. Although she argues that her *mental* health impairments would impose much greater limitations than those determined by the administrative law judge, she only summarizes the treatment that she received for her physical impairments related to back, knee and leg pain. Dkt. #23 at 8-10. Plaintiff does not explain how this medical evidence proves that she had additional functional limitations or how the administrative law judge erred in considering this evidence. In addition, plaintiff does not provide any explanation for her related argument that the administrative law judge did not give proper weight to her medical opinions of record.

In fact, the only specific limitation that plaintiff contends that the administrative law judge should have considered is her inability to focus and concentrate while she was "disassociated." This is not helpful because plaintiff fails to point to any evidence supporting a concentration limitation. Although one of plaintiff's providers, Dr. Kenneth Miller, stated in a letter dated September 21, 2011, that plaintiff suffers from anxiety, stress and depression, the administrative law judge correctly pointed out that Dr. Miller did not

2

provide any specific limitations apart from the unsupported recommendation that plaintiff not work. The administrative law judge determined that plaintiff did not have any severe mental impairments and adopted the findings of the state agency physicians that plaintiff did not have any difficulties maintaining concentration, persistence and pace. AR 16-17; 127-29. Plaintiff has not challenged any of those findings. By failing to develop any coherent argument with respect to additional limitations, plaintiff has waived it. Puffer v. Allstate Insurance Co., 675 F.3d 709, 711 (7th Cir. 2012) (undeveloped arguments are waived).

## B. Credibility

Plaintiff also has failed to develop an argument with respect to the administrative law judge's credibility finding. The administrative law judge found plaintiff's statements concerning the limiting effects of her symptoms to be exaggerated and not entirely credible for several reasons:

- Dr. Pat Chan, a state agency medical consultant, noted and explained several inconsistencies between plaintiff's complaints of back and knee pain and the medical evidence. AR 19.

- Dr. Chan noted that plaintiff's complaints of pain were out of proportion to her significant daily activities. Id.

- Plaintiff made several inconsistent statements about needing to use a cane to walk. AR 23.

- Plaintiff failed to comply with her treating provider's recommended course of treatment, including strengthening her leg and discontinuing her daily opioid pain medications. Id.

3

- Plaintiff is able to perform a significant quantity of daily activities and was able to visit an amusement park and go on rides there. Id.

- The record contained significant evidence that plaintiff overused narcotic pain medications and might be exaggerating her complaints of pain to obtain narcotics. AR 22.

Plaintiff does not take issue with any of these reasons for doubting her credibility, but simply makes a conclusory statement that the administrative law judge's credibility finding is not supported by substantial evidence. As a result, she has not shown that the administrative law judge failed to provide a sufficient basis for his adverse credibility determination.

ORDER

IT IS ORDERED that plaintiff Genice Schilz's motion for summary judgment, dkt. #22, is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 20th day of November, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge